[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO CHALLENGE THE JURY ARRAY
The defendant, Ivo Colon, through his attorneys challenge the jury array on the grounds that there has been a material departure from the requirement of law governing the selection and summoning of the jury, in particular that the plain language of Connecticut General Statutes §51-217 (3) which indicates that
. . . A person shall be disqualified to serve as a juror if such person . . . (3) is not able to speak and understand the English language. . . .
The defendants have articulated that their challenge is a CT Page 6475 constitutional claim in that the "per se exclusion of Spanish speaking citizens who lack facility in the English language violates the defendant's and prospective juror's Federal and or state constitutional rights to equal protection of the law and the state constitutional right to be free from sequestration or discrimination on the basis of ancestry and national origin.
The defendant argues that the requirement that the jurors understand English unconstitutionally results in lower representation of Hispanics on jury arrays. The defendant argues that this violates the equal protection clause and the anti-discrimination clause of the constitution of Connecticut, article first, § 20.
The defendant further argues that the provisions of interpreters for the hearing impaired but not non-English speakers violates equal protection.
This argument was one of a number of arguments that was raised in Statev. Gibbs, CR93-89935 (Judicial District of Hartford/New Britain at Hartford).
In Gibbs, an evidentiary hearing was held before Spada, J. Among the issues addressed at that hearing were the Connecticut Jury Selection System, as well as the issue raised by the defendant in this motion.
In the memorandum of decision dated June 17, 1998, Judge Spada denied the defendant (Gibbs) motion, including the claim of the constitutionality of Connecticut General Statutes § 51-217 (3). Judge Spada's decision includes a lengthy discussion of the constitutional challenges including equal protections. That presentation is incorporated into this courts discussions and decision.
The specific claim of the defendant, Ivo Colon, in the matter before the court, that the requirement that jurors understand the English language unconstitutionally results in lower representation of Hispanics on jury arrays, was addressed in the Gibbs, supra decision.
As cited in Gibbs, supra "It has long been accepted that the Constitution does not forbid the States to prescribe relevant qualifications for their jurors." Cacter v. Jury Commission, 396 U.S. 320,332, 90 S.Ct. 518, 24 L.Ed.2d 549 (1970). The requirement that jurors speak English is unquestionably reasonable. . . ." United States v.Rioux, 430 F. Sup. 1558, (D.Conn. 1996), aff'd. 97 F.3, 648, [97 F.3d 648], 659 (2nd Cir. 1996). "The courts that have considered the problem [of whether the sixth amendment allows the requirement that jurors be able to speak and understand English] have CT Page 6476 found that the requirement that conduct of judicial affairs be in English is both reasonable and important." (Internal quotation marks omitted.)Commonwealth v. Tolentino, 663 N.E.2d 846, 850 n. 8 (Mass. 1996).
The Gibbs decision found that the ability to understand English is a necessary and appropriate requirement under both the state and federal constitution.
The defendant, Ivo Colon, has not established that this court should deviate from the analysis and ruling in Gibbs, that the state constitution should be interpreted differently in the case before the court.
The court also notes that the Gibbs, case including this particular issue is presently before the Connecticut Supreme Court.
The court adopts the reasoning and analysis of Gibbs on the issue before the court.
Accordingly, the defendant's challenge to the jury array is denied.
So ordered,
 ___________________, J. D'ADDABBO, J.